IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JONATHAN O. HAFEN, in his capacity as court-appointed Receiver,<br><br>Plaintiff,<br><br>v.<br><br>AUGUSTIN RICO; ADRIAN ALVAREZ LARA; GUADALUPE VALENCIA; THE LAW OFFICE OF GUADALUPE VALENCIA; MARIA LUISA MARQUEZ; and MIRIAM MARTINEZ,<br><br>Defendants. | ORDER AND MEMORANDUM DECISION GRANTING MOTION FOR DEFAULT JUDGMENT<br><br>Case No. 2:19-cv-00890-TC<br><br>Judge Tena Campbell |

Before the court is a motion for default judgment (ECF No. 42) filed by Plaintiff Jonathan O. Hafen, the court-appointed Receiver over the assets of Rust Rare Coin, Inc., Gaylen Dean Rust, R Legacy Racing Inc., R Legacy Entertainment LLC, and R Legacy Investments LLC (collectively, the Receivership Defendants). This action is ancillary to litigation involving the Receivership Defendants. See Commodity Futures Trading Comm'n v. Rust Rare Coin, Case No. 2:18-cv-892.

The Receiver filed this action against Defendant Adrian Alvarez Lara[1] on

---

[1] The Receiver also asserted claims against Defendants Augustin Rico, Guadalupe Valencia, the Law Office of Guadalupe Valencia, Maria Luisa Marquez, and Miriam Martinez. (See Compl., ECF No. 2.) The Receiver has since dismissed his claims against these Defendants. (See Stip. Dismissal, ECF No. 27; Not. Voluntary Dismissal, ECF Nos. 37 & 41.)

1

November 13, 2019.  (See Compl., ECF No. 2.)  Mr. Lara's answer was due on February 13, 2020.  (See Return of Summons, ECF No. 14.)  But Mr. Lara did not file an answer.  The Receiver moved for entry of default against Mr. Lara on January 25, 2022 (ECF No. 34), and the Clerk of Court entered a default certificate on January 27, 2022 (ECF No. 35).

The Receiver now requests entry of judgment against Mr. Lara in the total amount of $126,252.  This amount includes $98,220 in fraudulent and voidable transfers and $28,032 in prejudgment interest calculated at the rate of 5% per annum from November 5, 2018, the last date Rust Rare Coin made a payment on behalf of Mr. Lara.

For the following reasons, the court grants the Receiver's motion.

## LEGAL STANDARD

Entry of a default judgment under Rule 55 of the Federal Rules of Civil Procedure is a two-step process.  See Meyers v. Pfizer, Inc., 581 F. App'x 708, 710 (10th Cir. 2014).  If a defendant fails to timely respond to the complaint after proper service, a plaintiff may request entry of a default by the court clerk, who then decides whether to enter a default.  Id. (citing Fed. R. Civ. P. 55(a)).  "If the clerk enters a default, the plaintiff can ask the court to grant a default judgment."  Id. (citing Fed. R. Civ. P. 55(b)(2)).

A trial court has broad discretion in deciding whether to enter a default judgment.  Galloway v. Hadl, No. 07-3016-KHV, 2008 WL 5109758, at *1 (D. Kan. Dec. 2, 2008) (citing Grandbouche v. Clancy, 825 F.2d 1463, 1468 (10th Cir. 1987)).  Furthermore, a plaintiff must establish that the amount of requested damages is reasonable under the circumstances.  DeMarsh v. Tornado Innovations, L.P., No. 08-2588-JWL, 2009 WL 3720180, at *2 (D. Kan. Nov. 4, 2009).  "Damages may be awarded only if the record adequately reflects the basis for [the] award via 'a hearing or a demonstration by detailed affidavits establishing the necessary facts.'"  Id.

(quoting Adolph Coors Co. v. Movement Against Racism & the Klan, 777 F.2d 1538, 1544 (11th Cir. 1985)).

## ANALYSIS

The Receiver supports his motion with a declaration from Jeffrey T. Shaw, CPA, CFE, CIRA.  (Decl. Jeffrey T. Shaw, Ex. A to Receiver's Mot. Default J., ECF No. 42-1.)  The court has carefully reviewed Mr. Shaw's declaration and supporting exhibits and agrees with his conclusions, a helpful summary of which is included at Exhibits 2 and 3 to his declaration.  According to investor statements prepared by Gaylen Rust, in or around May 2013 an investment account was opened for Mr. Lara; accounting records indicate that Mr. Lara contributed $109,980 to that account.[2]  (Ex. 4 to Shaw Decl., ECF No. 42-1.)

From May 2014 to November 2018, Rust Rare Coin made payments on Mr. Lara's behalf to the Law Office of Guadalupe Valencia (Law Office) in the amount of $50,000 and to Dolores Batalla in the amount of $208,200.[3]  (See Exs. 5–64 to Shaw Decl., ECF No. 42-1.)  As a result of these payments totaling $258,200, Mr. Lara received $148,220 in excess of his contributions.  But the Receiver has previously entered into settlements with the Law Office for $45,000 and with Ms. Batalla for $5,000.  (See Exs. 65–66 to Shaw Decl., ECF No. 42-1.)  The court

---

[2] Although the investor statements indicate that "Agustin Rico" was a 50% co-owner of the account, the court agrees with the Receiver's determination that Mr. Rico was not involved.  In any event, crediting the full amount of the contribution to Mr. Lara reduces the amount for which Mr. Lara is now liable.  The court also finds that uncertainties about the form of contribution (silver versus cash to purchase silver) and minor discrepancies between the investor statements and accounting records (statements indicating a contribution of $107,980 versus accounting records indicating a contribution of $109,980) are de minimis and that Mr. Lara has been given the benefit of any uncertainty.

[3] The court agrees with the Receiver's determination that Mr. Lara hired the Law Office to provide criminal defense services and that Ms. Batalla was Mr. Lara's girlfriend with whom he had a child.  The payments to the Law Office and to Ms. Batalla are therefore appropriately viewed as payments on behalf of Mr. Lara.

3

therefore agrees with the Receiver that Mr. Lara's net winnings should be reduced by $50,000 to $98,220.  The Receiver may appropriately recover this amount as a fraudulent transfer.

Furthermore, the court agrees with the Receiver that prejudgment interest from the last date that an investment payment was made—November 5, 2018—is appropriate here.  The Tenth Circuit has previously upheld the award of prejudgment interest at a rate of 5% per annum to a receiver for a fraudulent transfer claim because prejudgment interest "compensates for the loss of use of the money" and "[u]nder fairness and equity principles, prejudgment interest was proper." Wing v. Gillis, 525 F. App'x 795, 801 (10th Cir. 2013); see also Miller v. Kelley, No. 1:12-cv-56, 2014 WL 5437023, at *7 (D. Utah Oct. 27, 2014).  This court has previously awarded prejudgment interest in ancillary actions to the Rust Rare Coin litigation.  See, e.g., Hafen v. Howell, No. 2:19-cv-813-TC, 2023 WL 5000944, at *5–7 (D. Utah Aug. 4, 2023).  The court therefore awards the receiver prejudgment interest at the rate of 5% per annum from November 5, 2018, the last date Rust Rare Coin made a payment on behalf of Mr. Lara.  The amount of prejudgment interest totals $28,032.  Post-judgment interest is also recoverable under 28 U.S.C. § 1961(a).

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Receiver's Motion for Default Judgment (ECF No. 42) is GRANTED.

2. The court awards the Receiver $126,252, an amount that represents $98,220 in fraudulent and voidable transfers and $28,032 in prejudgment interest.

3. The court's judgment shall bear interest calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week

preceding the date of the judgment. See 28 U.S.C. § 1961(a).

    DATED this 14th day of August, 2024.

                                          BY THE COURT:

                                          _____
                                          Tena Campbell
                                          United States District Judge